per curiam:
Plaintiff Werner G. Steinagel was dismissed as a Deputy United States Marshal, at Dayton, Ohio, in September 1978.[1] After a hearing, the Chicago Region of the Merit Systems Protection Board (which succeeded the former Federal Employee Appeals Authority of the Civil Service Commission) upheld the removal. Plaintiffs request for reconsideration to the then Office of Appeals of the Merit Systems Protection Board (mspb) was denied in August 1979. Plaintiff timely filed suit in the District Court for the Southern District of Ohio, which transferred the case here. Both parties have moved for summary judgment on the administrative record, and we have also heard oral argument.
Six charges of alleged misconduct in office were asserted by the U.S. Marshals Service against Steinagel. We decide that specification a of Reason 1 has not been sustained, and we return specification b of Reason 1, and Reasons 2-6, together with the propriety of the sanction of removal, to the mspb for reconsideration.
I
Reason 1 ("Concealment of material fact in connection with an investigation”) contains two specifications, a and b. Specification a rests on two interviews with (and questioning of) plaintiff by an employee of the Marshals Service, at which interviews plaintiff either refused to answer certain questions which the charges declare to have been "work related,” or (it is said) "evasively answered” such questions. The difficulty with the first of these interviews (on September 29, 1977) was that Steinagel was admittedly not given the warnings required by Kalkines v. United States, 200 Ct. Cl. 570, 473 F.2d 1391 (1973), particularly that his answers (or information stemming from them) could not be used against him in any criminal proceeding arising from the circumstances occasioning the interview. Since that interview directly involved plaintiffs trip, from Ohio to the McNeil Island prison in the State of Washington, to visit a *720 convicted felon imprisoned there, and the questions concerned whether plaintiff misrepresented in various ways (including the carrying of his gun) his identity as a U.S. Marshal on official business, he was in sufficient danger of criminal prosecution on account of possible offenses arising from that trip to have been given the proper Kalkines warnings; in the circumstances this was not at all a frivolous supposition (the fbi seems to have been inquiring into planitiffs trip to the State of Washington).[2]
Specification a rests, too, on plaintiffs refusal to answer questions at an interview of December 5, 1977, at which he was given the proper Kalkines cautions. (This interview also concerned the trip to the State of Washington.) But that interview was fatally marred by another defect. His counsel, whom he desired to be present at that interview, could not attend that day. Although the interviewer knew that Steinagel had the right to have counsel and wanted to exercise that right, the interviewer refused to postpone the interview to the next day, insisting first that a four-hour delay (to obtain new counsel) was sufficient, and then, when counsel could not appear after that short delay, that the questioning would have to proceed at once. We hold that this insistence on proceeding on December 5th was arbitrary in the circumstances; we have no reason to believe that an overnight delay would have seriously jeopardized the Service’s investigation. On the other hand, the presence of counsel was important at an interview concerned with events which, as we have pointed out, could lead to criminal liability.
II.
Reason 4 ("Wilful misuse of government property”) concerns use of a government vehicle to visit a prisoner (allegedly on non-official business) at the Green County Jail. It is clear that plaintiff was on duty at that time *721 performing other functions, but it is not at all clear that the alleged "misuse” of the auto was anything more than de minimis use of the car through going a block or two outside of the most direct route to plaintiffs authorized destination. We remand this Reason to the mspb to determine the true facts and to evaluate the seriousness of this Reason for removal.
Ill
Reasons 2-6, together with the sanction of removal, are remanded to the mspb to reconsider those charges, as well as the propriety of removal (rather than a lesser sanction if the charges are sustained on reconsideration). We are moved to take this course, not only by our invalidation (in Part I, supra) of specification a of Reason 1, but also by plaintiffs strong presentation to us that the charges against him were politically motivated, and the very cursory treatment of that issue in the original opinion of the Chicago Region (pp. 13-14 of the Chicago Region’s decision of May 2, 1979). The mspb should consider the problem encompassed within our remand on the existing record, taken together with whatever additional evidence the mspb considers relevant and the parties desire to present.
Plaintiffs motion for summary judgment is granted, and defendant’s is denied, as provided in Part I, supra. Otherwise, both motions are denied without prejudice, the determination of the Chicago Region is vacated, and the case is remanded to the Merit Systems Protection Board, as provided in footnote 2 and Parts II and III of this order, for consideration under the Civil Service Reform Act of 1978. The case is removed from this court’s docket, it is so ORDERED.
Defendant’s motion for rehearing was denied July 23, 1982.

 This case, as it now comes to us, is not governed by the substantive provisions of the Civil Service Reform Act.

 We do not, at this time, invalidate specification b of Reason 1 (which relates to an interview of May 3,1978 at which no proper Kalkines warnings were given plaintiff) because it is not clear to us whether or not (and, if so, to what extent) Steinagel was in any jeopardy of criminal prosecution with relation to the two separate incidents involved in that specification. This matter is left to the mspb for reconsideration on remand. See also Parts II — III, infra.